IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANTELL ROBINSON; and <br> GLOBAL GREEN ENTERPRISE INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> OGLALA SIOUX TRIBE, *et al.*, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-25-289-D <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

On March 6, 2025, Plaintiffs Shantell Robinson ("Ms. Robinson") and Global Green Enterprise Inc. ("Global Green") filed a Complaint [Doc. No. 1] naming numerous Defendants and asserting myriad claims for relief. Upon review of the Complaint, the Court raises *sua sponte* the following issues.

**I.      The Complaint fails to comply with Fed. R. Civ. P. 8(a) or 9(b).**

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* litigants, like Ms. Robinson, are not excused from Rule 8's requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must

provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."). Although Plaintiffs' Complaint must be liberally construed, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Rather, dismissal is appropriate where a *pro se* complaint is unreasonably long, rambling, or otherwise filled with irrelevant material. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter") (quotation omitted).

Despite a liberal construction, it is difficult to discern the basis for Plaintiffs' claims for relief. With exhibits, the Complaint is 276 pages long, thus making it subject to dismissal based on its length alone. The exhibits themselves consist of myriad documents, the interrelatedness of which is difficult to discern:

- A scanned image of what appears to be a copyright registration [Doc. No. 1-1];

- A cease-and-desist letter from Ms. Robinson to various entities [Doc. No. 1-2];

- Non-disclosure and non-compete agreements [Doc. Nos. 1-3, 1-4];

- Court filings from other cases which purportedly show the pattern of fraud committed by certain Defendants in this case [Doc. Nos. 1-5, 1-6, 1-7];

- Various emails and texts purportedly showing fraud [Doc. Nos. 1-8, 1-12];

- "Witness statements threats" [Doc. No. 1-9];

- A document purportedly showing Plaintiffs' damages [Doc. No. 1-10];

- "Regulatory filings" [Doc. No. 1-11]; and

- What appears to be a PowerPoint presentation related to "Omni Compliance" [Doc. No. 1-13].

The Complaint itself is equally hard to follow. Plaintiffs begin by using the Court-provided form for complaints in a civil case, but then switch midstream to self-created documents, and then switch back to the Court-provided form. Aside from the Court-provided form, there are two other documents entitled "Complaint" inserted at various points in the 16-page document. *See* Compl. at 5, 10. Each of these documents reference different defendants, and, throughout the Complaint, Plaintiffs reference actions allegedly committed by "Defendants" as a whole (rarely identifying which specific Defendant allegedly took which action). *See, e.g.*, *id.* at 6. In other words, Plaintiffs fail to do the bare minimum required by Rule 8(a)—match factual allegations to specific Defendants and specific claims for relief. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann*, 477 F.3d at 1148 (quoting *McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996)).

As a final point, Plaintiffs appear to assert a claim for wire fraud, presumably as a predicate act for their civil RICO claim. *See* Compl. at 9. "The particularity requirement of Rule 9(b), Federal Rules of Civil Procedure, applies to claims of mail and wire fraud."

3

*Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). Therefore, "a complaint alleging fraud [must] 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus.,* 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds),* 924 F.2d 176, 180 (10th Cir. 1991)). The Complaint in this case falls well short of satisfying Rule 9(b) as it relates to any fraud-based claims.[1]

For all of these reasons, Plaintiffs' Complaint fails to comply with Rule 8(a) and, as it relates to fraud-based claims, Rule 9(b). Therefore, it should be dismissed.

## II.     Global Green must be represented by a licensed attorney.

There are two named Plaintiffs in the Complaint: Ms. Robinson and Global Green. Ms. Robinson, as a natural person, is free to represent herself in this matter (in other words, she is free to proceed pro se). However, Global Green is not a natural person and, therefore, must be represented by a licensed attorney. *See Tal*, 453 F.3d at 1254 & n.8 ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se.*"); *see also* LCvR17.1 ("Parties who are not natural persons may not appear pro se.") (emphasis in

---

[1] "To establish the predicate act of mail fraud, [Plaintiffs] must allege (1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises, and (2) use of the United States mails for the purpose of executing the scheme. The elements of wire fraud are very similar, but require that the defendant use interstate wire, radio or television communications in furtherance of the scheme to defraud." *Tal*, 453 F.3d at 1263 (quoting *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 892 (10th Cir. 1991)).

original). Therefore, a licensed attorney must file an entry of appearance on behalf of Global Green.

## CONCLUSION

For these reasons, Plaintiffs' Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. Within **21 days** from the issuance of this Order, Plaintiffs may file an amended complaint that complies with Rule 8(a) and, to the extent necessary, Rule 9(b). If no pleading is filed within 21 days, this action will be dismissed without prejudice to a future filing and without further notice.

Additionally, within **21 days** from the issuance of this Order, a licensed attorney must file an entry of appearance on behalf of Global Green (assuming Ms. Robinson wishes to include Global Green in her amended complaint). If no entry of appearance is filed within 21 days, Global Green will be dismissed from this case without prejudice and without further notice.

**IT IS SO ORDERED** this 18th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge