## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SHANTELL ROBINSON,         )
                               )
      Plaintiff,         )
                               )
v.                            )      Case No. CIV-25-289-D
                               )
OGLALA SIOUX TRIBE, *et al.*,       )
                               )
      Defendants.     )

## ORDER

Before the Court is Plaintiff's Motion for Entry of Default [Doc. No. 23], as well as her Motion for Default Judgment [Doc. No. 31]. In the Motion for Entry of Default, Plaintiff moves for entry of default against Defendants Oglala Sioux Tribe (Tribe), Oglala Sioux Tribe Legal Department (Legal Department), Raycen Raines, and Wakpamni Lake Community Corporation (WLCC). Pl.'s Mot. Entry of Def. at 1.[1] However, Plaintiff moves for default judgment only as to Mr. Raines and WLCC. Pl.'s Mot. Def. J. at 1. For the following reasons, both Motions will be denied.

### I.  Plaintiff's Motion for Entry of Default

First, subsequent events have rendered default improper as to any of the aforementioned Defendants.[2] Plaintiff filed her Motion on April 25, 2025 and contends that Defendants' deadline to answer or otherwise respond was April 23, 2025. Plaintiff's

---

[1] The Tribe and the Legal Department filed a Response [Doc. No. 34] in opposition to Plaintiff's Motion for Entry of Default.

[2] "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *United States Dep't of Lab. v. Mr. Cao's LLC*, No. 22-1165, 2024 WL 3567341, at *4 (D. Kan. Mar. 1, 2024) (alteration and internal quotation marks omitted).

contention is based on the original return of service [Doc. No. 17] filed in the case, which does show April 2, 2025 as the date of service. However, an amended return of service [Doc. No. 22] was filed, which shows April 3, 2025 as the date of service. Therefore, the Tribe and Legal Department's motion to dismiss [Doc. No. 21] was timely filed on April 24, 2025, rendering default improper.

As for Mr. Raines and WLCC, the Court entered an order [Doc. No. 35] granting in part their request for an extension of time to answer or otherwise respond to Plaintiff's Complaint (or, alternatively, leave to do so out of time).[3] Therefore, the entry of default is improper as to Mr. Raines and WLCC, as well. *See* 10A FED. PRAC. & PROC. CIV. § 2682 (4th ed.) ("Of course, the court has discretion to grant additional time to a party to plead or otherwise defend.").

Second, Plaintiff's Motion for Entry of Default fails to comply with the Court's Local Rules, which provide that "[n]o application for a clerk's entry of default shall be entertained against an individual defendant absent an affidavit in compliance with the Servicemembers Civil Relief Act." LCvR55.1. Because Plaintiff's Motion lacks the required affidavit, the entry of default is improper as to Mr. Raines.

Third, the filings to date raise, at the very least, questions as to whether the Tribe, the Legal Department, Mr. Raines, and WLCC were properly served with process under Federal Rule of Civil Procedure 4. *See* Tribe and Legal Department Mot. to Dismiss at 9-10; Raines and WLCC Mot. for Leave at 2. Therefore, the Court finds entry of default

---

[3] In their motion, Mr. Raines and WLCC did not concede sufficient service of process. Likewise, the Court reserves a ruling on the sufficiency of service as to any Defendant.

improper, especially considering Plaintiff's lack of proof establishing proper service. *See* Fed. R. Civ. P. 55(a).

## II.    Plaintiff's Motion for Entry of Default Judgment

Plaintiff seeks a default judgment against Mr. Raines and WLCC. *See* Pl.'s Mot. Def. J. "Initially, a party must ask the Clerk of Court to enter default. Only after the Clerk has complied may a party seek default judgment." *Great Am. Ins. Co. v. Cimarron Tank Inc.*, CIV-22-176-D, 2022 WL 3581858, at *1 (W.D. Okla. Aug. 19, 2022) (internal citation omitted); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.").

Although Plaintiff states that the "Clerk of Court entered default on April 25, 2025 (Doc #23)," that is not true.[4] Because the Clerk did not enter default as to Mr. Raines or WLCC, and because the Court now concludes that entry of default is unwarranted, Plaintiff's Motion for Entry of Default Judgment is improper and thus denied.

## CONCLUSION

For these reasons, Plaintiff's Motion for Entry of Default [Doc. No. 23] and Motion for Default Judgment [Doc. No. 31] are **DENIED**.

---

[4] To the extent confusion exists, the Court informs Plaintiff that the filing of a motion does not automatically mean she is entitled to the relief sought. Until the Court (or in this instance, the Clerk) acts on a filing through the issuance of an order or otherwise, any potential relief requested in a filing is just that—*potential* relief.

**IT IS SO ORDERED** this 30th day of April, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge