IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANTELL ROBINSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. CIV-25-289-D |
| OGLALA SIOUX TRIBE, *et al.*, | ) ) ) |
|     Defendants. | ) |

# **ORDER**

Before the Court is Plaintiff's Motion for Emergency Injunctive Relief [Doc. No. 49], in which she seeks "emergency injunctive relief under Rule 65(a) and (b) of the Federal Rules of Civil Procedure." Plaintiff claims the Motion "is necessary to prevent continued irreparable harm, obstruction, and unauthorized use of Plaintiff's protected intellectual property and federally registered business infrastructure known as Omni Credit, Omni Virtual Attendant, and @THEBACKOFFICE.COM." *Id.* at 1.

# **DISCUSSION**

**I.** **Plaintiff's Motion fails to satisfy Rule 65(b)(1) for issuance of a temporary restraining order without notice.**

As noted, Plaintiff invokes both Rule 65(a), which governs preliminary injunctions (PI), and Rule 65(b), which governs temporary restraining orders (TRO). As an initial matter, and as it relates to a request for a TRO, the Court finds that Plaintiff's Motion fails to comply with Fed. R. Civ. P. 65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, at least two Defendants—Daniel Abadir and Susan Abadir—have not been served with process, and there is no indication that Plaintiff made any effort to give them notice. *See* Unexecuted Summons [Doc. No. 18]. And although *pro se* Defendant William T. Shaw was served with process [Doc. No. 16], there is neither an indication that Plaintiff served him with a copy of the instant Motion, nor any description of efforts made to give him notice. Therefore, at least as it relates to Mr. Abadir, Ms. Abadir, and Mr. Shaw, Plaintiff has not satisfied Rule 65(b)(1)(B).

Further, and as it relates to all Defendants, Plaintiff has not satisfied Rule 65(b)(1)(A), as she has not provided "specific facts in an affidavit or a verified complaint [to] clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiff] before the adverse party can be heard in opposition."

For these reasons, Plaintiff's Motion fails to comply with Rule 65(b)(1), thus making the issuance of a TRO without notice improper. However, in the spirit of completeness, the Court next addresses the merits of Plaintiff's Motion.[1]

---

[1] District courts have applied Rule 65(b)(1) to *pro se* parties. *See, e.g.*, *May v. U.S. Bank*, No. 13-cv-01621-PAB, 2013 WL 3200473 (D. Colo. June 24, 2013); *Bazil v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 603177 (E.D. Cal. Feb 23, 2012); *Hancock, Jr. v. Ocwen Loan Serv., LLC, et al.*, No. CIV-14-1380-D, 12/19/2014 Order [Doc. No. 5] (W.D. Okla. Dec. 19, 2014).

## II. Plaintiff fails to make the requisite showings for issuance of a TRO or PI.

The requirements for the issuance of a PI and TRO are essentially the same, with the burden on Plaintiff, as the movant, to establish the following: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tip in her favor; and (4) preliminary relief is in the public interest. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (listing elements for a preliminary injunction); *Ortega v. Lujan Grisham*, 741 F. Supp. 3d 1027, 1058 (D.N.M. 2024) (listing elements for a temporary restraining order).

"The primary differences between a TRO and a [PI] are that a TRO may issue without notice to the opposing party and that TROs are limited in duration to fourteen days." *Ortega*, 741 F. Supp. 3d at 1058. In either case, however, preliminary relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have a request granted. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).[2] Here, Plaintiff fails to establish any of the elements required for the issuance of the relief sought. The Court briefly addresses each element in turn.

---

[2] In the Tenth Circuit, "three types of preliminary injunctions are disfavored and require a movant to meet a heightened standard before a preliminary injunction may issue." *N.M. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246 n.15 (10th Cir. 2017). These are "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Fish v. Kobach*, 840 F.3d 710, 723-24 (10th Cir. 2016) (internal quotation omitted). When "seeking such an injunction [the movant] must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (en banc), *aff'd sub nom.*, 546 U.S. 418 (2006); *see Fish*, 840 F.3d at 724. In this case, it appears that Plaintiff seeks to alter the status quo and require Defendants to take affirmative action (*i.e.*, a mandatory injunction), but Plaintiff does not acknowledge or attempt to meet this heightened standard.

3

Regarding her likely success on the merits, Plaintiff claims she has "filed substantial evidence supporting service, intellectual property theft, system concealment, and procedural obstruction." Pl.'s Mot. at 1.[3] But Plaintiff does not point specifically to any evidence or argument establishing a likelihood of success on the merits of any of her claims, and, despite her *pro se* status, it is not the Court's job to comb through her filings and construct arguments on her behalf.[4] *See May*, 2013 WL 3200473, at *2 ("Nor is it appropriate for the Court, based upon allegations in the complaint, to theorize or speculate about plaintiff's likelihood of success on the merits."); *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000) (in the context of reviewing a response to a motion for summary judgment, noting that the district court is "not obligated to comb the record in order to make [a party's] arguments for him"). "[I]t is insufficient for a moving party [to] demonstrate that there is only a 'possibility' . . . of success on the merits." *Ortega*, 741 F. Supp. 3d at 1058 (quoting *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016)). Plaintiff fails to carry her burden on this element.[5]

Regarding irreparable harm, Plaintiff argues her "business systems remain vulnerable to concealment, misuse, and continued obstruction," and "[f]ederal filings, source records, and revenue-gathering infrastructure are at direct risk." Pl.'s Mot. at 1.

---

Regardless of whether the Court applies a heightened standard, however, Plaintiff falls well short of making the requisite showings.

[3] Citations refer to the Court's CM/ECF pagination at the top of each page.

[4] Because Plaintiff proceeds *pro se*, her filings are construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as her advocate. *Id.*

[5] A significant portion of the purported evidence attached to the Motion consists of various Facebook posts, many of which are unreadable. *See* Pl.'s Mot., Ex. 1 [Doc. No. 49-1] at 8-17.

4

Again, aside from her conclusory statements, Plaintiff points to no specific evidence tending to establish that she will suffer irreparable harm in the absence of relief. And *potential* vulnerability or risk is not an injury that is "certain, great, actual and not theoretical." *See Heideman*, 348 F. 3d at 1189. Further, Plaintiff's decision to wait until May of 2025 to seek emergency relief for alleged wrongs committed (as best the Court can tell, *see* Am. Compl., Ex. B [Doc. No. 11-2] at 4) in 2024 militates against the notion that emergency relief to prevent imminent and irreparable harm is called for here. Plaintiff fails to carry her burden on this element.[6]

And as for the balance of the equities and the public interest, Plaintiff's Motion is silent on the former and provides only conclusory statements on the latter. *See* Pl.'s Mot. at 1. Plaintiff argues that "[e]mergency relief protects judicial integrity, deters misconduct, and supports whistleblower-protected litigation involving federal compliance systems." *Id.* Based on the limited information in Plaintiff's Motion, the Court concludes that the requested relief—which appears to include the freezing of Defendants' bank accounts and potentially other assets—would greatly harm Defendants, while any harm to Plaintiff, as discussed previously, is speculative at best. The Court further concludes that, without any information from Plaintiff on the issue, it cannot adequately analyze whether any injunctive relief would be adverse to the public interest. Plaintiff fails to carry her burden on these elements.

---

[6] Plaintiff claims that "[m]onetary damages alone cannot reverse the theft, replication, or distribution of [her] proprietary systems." Pl.'s Mot. at 1. Plaintiff cites nothing to support this assertion, and the Court sees no reason why monetary damages could not adequately compensate Plaintiff, should she ultimately prevail on any of her claims.

5

## CONCLUSION

For these reasons, the Court concludes that Plaintiff has failed to comply with the procedural requirements of Fed. R. Civ. P. 65(b)(1). But even if she had complied, she has not met her burden to make a clear showing as to any element required for the issuance of a TRO or PI.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Emergency Injunctive Relief [Doc. No. 49] is **DENIED**.

**IT IS SO ORDERED** this 13th day of May, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge