IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANTELL ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-289-D |
| OGLALA SIOUX TRIBE, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Oglala Sioux Tribe and Tribal Legal Department's Motion to Dismiss, With Brief in Support [Doc. No. 21].[1] Plaintiff filed both an "Objection" [Doc. No. 24] and a "Reply" [Doc. No. 42], which the Court will collectively construe as Plaintiff's response. The Tribe and Legal Department filed a Reply [Doc. No. 33]. The matter is fully briefed and at issue.

## BACKGROUND AND FACTUAL ALLEGATIONS

After the Court *sua sponte* dismissed Plaintiff's Complaint, she timely filed an Amended Complaint [Doc. No. 11], along with two Supplements [Doc. Nos. 12, 14]. In the Amended Complaint, Plaintiff appears to bring various fraud, copyright infringement, and conspiracy claims against numerous defendants. Plaintiff's claims appear to stem from the alleged theft of her protected intellectual property, Omni Credit and Omni Virtual

---

[1] Where appropriate, the Court differentiates between the Oglala Sioux Tribe (Tribe) and the Tribal Legal Department (Legal Department). However, because the Tribe's sovereign immunity extends to the Legal Department (as will be explained below), the Court generally refers to both Defendants as the Tribe.

Attendant. Plaintiff seeks $75,000,000 in compensatory damages, as well as punitive damages.

In the instant Motion, the Tribe argues that it enjoys tribal sovereign immunity, and that immunity extends to its agencies and departments, including the Legal Department. Therefore, because the Tribe's sovereign immunity has not been abrogated or waived, the Court does not have subject-matter jurisdiction over Plaintiff's claims against it or the Legal Department.

## STANDARD OF DECISION

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed.R.Civ.P. 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.,* 264 F.3d 1297, 1302–03 (10th Cir. 2001) (citation omitted).

The legal test used in the assessment of subject-matter jurisdiction depends on the type of challenge asserted. When analyzing a facial attack, a district court must confine itself to the complaint and accept the allegations as true. *Holt*, 46 F.3d at 1002. When analyzing a factual attack, however, the motion challenges the underlying factual basis for subject matter jurisdiction. A district court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed facts." *Id.* at 1003; *see*

*also Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292–93 (10th Cir. 2005).

Here, the Tribe relies, at least in part, on the Declaration of Lisa Steele-Cummings [Doc. No. 21-2] in arguing that it has not waived its sovereign immunity. *See* Tribe's Mot. to Dismiss at 8. Therefore, the Court treats the Tribe's Rule 12(b)(1) argument as a factual attack on the Amended Complaint's jurisdictional allegations (to the extent any exist), and the Court will not presume the truthfulness of those allegations. Accordingly, it is "necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (internal quotation marks omitted). The Court will "weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist." *Teodosio v. DaVita, Inc.*, 684 F. Supp. 3d 1117, 1121-22 (D. Colo. 2023).[2]

## DISCUSSION

As mentioned, the Tribe argues that it enjoys tribal sovereign immunity, and that its immunity "extends to its agencies and departments," including the Legal Department. Tribe's Mot. to Dismiss at 5-7.[3] Therefore, because the Tribe's sovereign immunity has not

---

[2] The Court is not required to convert Defendants' Motion to a motion for summary judgment, as resolution of the jurisdictional question raised is not "intertwined with the merits of the case." *Somerlott v. Cherokee Nation Distribs. Inc.*, No. CIV–08–429–D, 2010 WL 1541574, at *2 (W.D. Okla. Apr. 16, 2010) (quoting *Holt*, 46 F.3d at 1003).

[3] Citations refer to the Court's CM/ECF pagination at the top of each page.

3

been abrogated or waived, the Court lacks subject-matter jurisdiction over the claims asserted against it. *Id.* at 7-9.

In response, Plaintiff argues that the "doctrine of sovereign immunity does not apply in this case due to the federal subject matter jurisdiction involving copyright infringement under 17 U.S.C. §501 and civil rights concerns related to misuse of public infrastructure and tribal economic fraud." Pl.'s Objection at 1; *see also* Pl.'s Reply at 2 (arguing that sovereign immunity does not shield "[i]ntellectual property theft," "[c]ivil fraud and tortious interference," or "[a]ctions taken by tribal employees/entities operating under federal program administration and federal contract law").[4]

"Because Indian tribes are sovereign powers, they possess immunity from suit to the extent that Congress has not abrogated that immunity and the tribe has not clearly waived its immunity." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1183 (10th Cir. 2010). "Tribal sovereign immunity may extend to subdivisions of a tribe, including those engaged in economic activities, provided that the relationship between the tribe and the entity is sufficiently close to properly permit the entity to share in the tribe's immunity." *Id.; Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1148 (10th Cir. 2012) ("Tribal immunity extends to subdivisions of a tribe, and even bars suits arising from a tribe's commercial activities.").

"To abrogate tribal immunity, Congress must 'unequivocally' express that purpose." *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe*, 532 U.S. 411, 416-417

---

[4] Because Plaintiff proceeds *pro se*, her filings are construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as her advocate. *Id.*

4

(2001) (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) and citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). And "to relinquish its immunity, a tribe's waiver must be 'clear.'" *Id.* at 418 (quoting *Okla. Tax Comm'n v. Citizen Band of Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991)).

Upon consideration, the Court concludes that it lacks subject-matter jurisdiction over Plaintiff's claims against the Tribe and Legal Department. The Tribe's law specifically affirms its sovereign immunity, providing as follows:

> The Oglala Sioux Tribe and its governing body, the Oglala Sioux Tribal Council, and its departments, programs, and agencies shall be immune from suit in any civil action and its officers, employees, and agents shall be immune from suit in any civil action for any liability arising from the performance of their official duties.

O.S.T. Ord. No. 15-16 § 1(a) (Sept. 28, 2015) [Doc. No. 21-2 at 85]; *see also Stanko v. Oglala Sioux Tribe Pub. Safety Div.*, No. Civ. 21-5085-JLV, 2022 WL 220088, at *1 (D.S.D. Jan. 25, 2022), *aff'd sub nom. Stanko v. Oglala Sioux Tribe*, No. 22-1266, 2022 WL 1499817 (8th Cir. May 12, 2022) (referencing O.S.T. Ord. No. 15-16 and noting that the Tribe "specifically reserved its right to assert sovereign immunity absent consent . . . and reaffirmed tribal immunity in 2015").

Plaintiff points to no act of Congress abrogating the Tribe's sovereign immunity, and, as demonstrated above, the Tribe has not waived its sovereign immunity. Instead, Plaintiff appears to argue that the Copyright Act independently confers subject-matter jurisdiction, regardless of the Tribe's immunity. *See* Pl.'s Objection at 1. But that argument is squarely foreclosed by binding precedent. *See Miner Elec., Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1011 (10th Cir. 2007) ("Therefore, in an action against an Indian

5

tribe, we conclude that § 1331 will only confer subject matter jurisdiction where another statute provides a waiver of tribal sovereign immunity or the tribe unequivocally waives its immunity.").

Plaintiff also argues that sovereign immunity does not shield "[i]ntellectual property theft," "[c]ivil fraud and tortious interference," or "[a]ctions taken by tribal employees/entities operating under federal program administration and federal contract law." Pl.'s Reply at 2. The only authority Plaintiff cites—*Lewis v. Clarke*—does not support her position. In *Lewis*, the Supreme Court held that, "in a suit brought against a tribal employee in his individual capacity, the employee, not the tribe, is the real party in interest and the tribe's sovereign immunity is not implicated." 581 U.S. 155, 158 (2017). Here, Plaintiff brings claims against the Tribe and Legal Department, neither of which is a tribal employee. Therefore, *Lewis* is inapplicable.

That Plaintiff alleges the Tribe committed various wrongs does not, on its own, mean that she can bring suit against them. Because the Tribe enjoys tribal sovereign immunity, to establish subject-matter jurisdiction, Plaintiff must show that the Tribe has waived that immunity, or that Congress has abrogated it. She has done neither, and, therefore, her claims against the Tribe and Legal Department must be dismissed.

## CONCLUSION

For these reasons, the Tribe and Legal Department enjoy sovereign immunity, and that sovereign immunity has not been abrogated or waived. Therefore, the Court does not have subject-matter jurisdiction over Plaintiff's claims against these Defendants.[5]

**IT IS THEREFORE ORDERED** that Defendants Oglala Sioux Tribe and Tribal Legal Department's Motion to Dismiss, With Brief in Support [Doc. No. 21] is **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED** without prejudice.[6]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Motion to Dismiss [Doc. No. 43] is **DENIED** as moot.

**IT IS SO ORDERED** this 16th day of May, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] Because the Court concludes that it does not have subject-matter jurisdiction, it does not reach the Tribe's arguments regarding insufficient service of process.

[6] "Jurisdictional dismissals ordinarily should be entered *without* prejudice." *Barnes v. United States*, 776 F.3d 1134, 1151 (10th Cir. 2015) (emphasis in original).