#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANTELL ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-289-D |
| OGLALA SIOUX TRIBE, *et al.*, | ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Compel Appearance and Request for Bench Warrant [Doc. No. 55], in which she asks the Court to: (1) compel the appearance of Defendants Daniel Abadir and Susan Abadir (the Abadirs) and issue a show-cause order as to why neither has responded in this case; (2) direct the Court Clerk to issue a bench warrant authorizing the United States Marshals Service to compel the Abadirs' appearance; and (3) alternatively, allow Plaintiff to move for default judgment against the Abadirs. Plaintiff's argument appears to be premised on her contention that the Abadirs have willfully evaded service by the Deputy Marshal.

Documents filed on April 23, 2025 [Doc. No. 18] show that two summonses were returned unexecuted as to the Abadirs. The assigned Deputy Marshal, Gregory Schimenti, noted on the service papers that he attempted to serve the Abadirs on three different occasions—April 15th, 17th, and 18th. *See id.* at 1, 4.[1] According to Deputy Marshal

---

[1] Mr. Abadir's and Ms. Abadir's summons each list the same address: 26 Ardsley Lane, Buffalo, NY 14221. *See* Summons [Doc. No. 8] at 7, 15.

Schimenti, on April 15th, a "friend" answered the door but then shut it quickly. *Id.* And on April 17th and 18th, nobody answered the door. *Id.*

As exhibits to her Motion, Plaintiff attaches screenshots of what appear to be messages between her "consultant" and Mr. Abadir.[2] In one of the messages purportedly sent by Mr. Abadir, he appears to have at least some knowledge of this case, as well as the obligation of the Marshals Service to serve process on the defendants named in this case. *See* Pl.'s Mot., Ex. 1 [Doc. No. 55-1] at 10.

In sum, based on the limited information before the Court, several things appear to be true. First, it appears Plaintiff provided the Court Clerk with accurate information regarding the location at which the Abadirs can be served. Second, it appears that Deputy Marshal Schimenti fulfilled his duties in attempting to serve the Abadirs on three different occasions. And third, it appears the Abadirs—or, at the very least, Mr. Abadir—have some knowledge of this case and the Marshals Service's role in serving the named defendants with process.

The question for the Court is what to do with the above information. Although the Court cannot reach any definitive conclusion, the screenshots Plaintiff relies on certainly seem to show that the Abadirs are aware of this case and are evading service. Therefore, it does not appear that directing the Marshals Service to attempt service again would be a successful endeavor, especially considering the prior three, unsuccessful attempts.

---

[2] Based on the limited information before it, the Court cannot definitively verify the authenticity of these screenshots, but, at the same time, the Court has no reason to doubt their veracity.

Considering the information before it, the Court concludes that the best course of action is as follows and directs Plaintiff accordingly:

- Plaintiff shall attempt to serve Defendants Daniel Abadir and Susan Abadir each, by mail as described below, with a copy of the applicable Summonses [Doc. No. 8], Amended Complaint [Doc. No. 11], and Supplements [Doc. Nos. 12, 14] (the "service documents").[3]

- Plaintiff shall send: (1) one copy of the above documents via certified mail, return receipt requested, restricted delivery; and (2) one copy of the above documents via regular mail.[4] In other words, Plaintiff shall send four envelopes:

    - Two envelopes containing the service documents sent via certified mail, return receipt requested, restricted deliver: one envelope addressed to Mr. Abadir and one envelope addressed to Ms. Abadir.

    - Two envelopes containing the service documents sent via regular mail: one envelope addressed to Mr. Abadir and one envelope addressed to Ms. Abadir.

- Upon mailing, Plaintiff shall file with the Court a proof of mailing showing that the documents were mailed in the manner described immediately above.

- Plaintiff shall then file a proof of service in compliance with Fed. R. Civ. P. 4(l), which shall include a copy of the return receipt (which usually comes in the form of a green card).

If Plaintiff is unable to effectuate service after completing the steps outline above, she may inform the Court and request permission to serve the Abadirs via publication.

---

[3] The Court advises Plaintiff that she herself cannot be the one to mail the documents. Instead, the mailing must be completed by "[a]ny person who is at least 18 years old and not a party . . . ." Fed. R. Civ. P. 4(c)(2); *see also Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."). The Court encourages Plaintiff to review Federal Rule of Civil Procedure 4 to ensure effective service.

[4] The Court is aware that serving a party via regular mail is of no legal effect. However, the Court's intent is to provide the Abadirs with an additional form of notice regarding this lawsuit.

**IT IS THEREFORE ORDERD** that Plaintiff's Motion to Compel Appearance and Request for Bench Warrant [Doc. No. 55] is **DENIED**, subject to the directives set forth above.

**IT IS FURTHER ORDERED** that, for good cause, Plaintiff's 90-day time limit to serve the Abadirs—which expired on June 4, 2025—is *sua sponte* extended to July 7, 2025.

**IT IS SO ORDERED** this 11th day of June, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge