IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANTELL ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-25-289-D |
| OGLALA SIOUX TRIBE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Reconsider [Doc. No. 58], which seeks relief from the Court's May 13, 2025 Order [Doc. No. 53] denying Plaintiff's Motion for Emergency Injunctive Relief ("Emergency Motion"). [Doc. No. 49]. Defendants did not file a response, and the time to do so has expired. The matter is fully briefed and at issue.

## BACKGROUND

On May 2, 2025, Plaintiff filed a Motion for Emergency Injunctive Relief which sought a preliminary injunction ("PI") under Fed. R. Civ. P. 65(a) and a temporary restraining order ("TRO") under Fed. R. Civ. P. 65(b) against all Defendants. [Doc. No. 49]. On May 13, 2025, the Court denied Plaintiff's Emergency Motion on two grounds ("the Order"). [Doc. No. 53]. First, the Court denied Plaintiff's Emergency Motion because Plaintiff failed to satisfy the procedural requirements under Fed. R. Civ. P. 65(b)(1). *Id.* at p. 1-2. Specifically, Plaintiff failed to satisfy the certification of notice requirement pursuant to Rule 65(b)(1)(B) for at least three Defendants—Daniel and Susan Abadir, and Willam T. Shaw. *Id.* Moreover, Plaintiff failed to satisfy Rule 65(b)(1)(A) as to all

1

Defendants. *Id.* at 2. The Court found that these deficiencies alone supported a denial of Plaintiff's Emergency Motion. *Id.* However, in the spirit of completeness, the Court also denied Plaintiff's Emergency Motion on its merits. *Id.* The Court found that Plaintiff failed to satisfy the elements of a PI and TRO, as Plaintiff's arguments were reliant on conclusory statements that lacked evidentiary support. *Id.* at p. 3-5. Thus, the Court denied Plaintiff's Emergency Motion. *Id.* at p. 6.

On May 14, 2025, Plaintiff filed her Motion to Reconsider requesting the Court reconsider the Order. [Doc. No. 58].

## STANDARD

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant seeking reconsideration must file either a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b). *Id.* "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served." *Id.* Because Plaintiff's Motion to Reconsider was filed within 28 days of when the Order was entered, the Court finds that Rule 59(e) governs its decision. *See* Fed. R. Civ. P. 59(e).

Relief under Rule 59(e) may be warranted (1) when there has been a change in the controlling law, (2) when there is new evidence that was previously unavailable, or (3) when necessary to correct clear error or prevent manifest injustice. *See Somerlott v. Cherokee Nation Distrib., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012); *see also Barber ex*

*rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (concluding that Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."). It is not an appropriate use of such a motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Indeed, "[a] motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Aceco Valves, LLC v. Neal*, No. CIV-21-368-D, 2022 WL 9497361, at *1 (W.D. Okla. Oct. 14, 2022) (quoting *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), aff'd, 245 F.3d 1203 (10th Cir. 2001)).

## DISCUSSION

Plaintiff presents no grounds warranting reconsideration of the Order. Plaintiff alleges that the Court's denial of her Emergency Motion "was based solely on an absent certification— not the merits." [Doc. No. 58, at p. 5]. She requests the Court revisit its ruling because she asserts that she has newly discovered evidence that proves she provided Defendants with notice that satisfies Fed. R. Civ. P. 65(b)(1)(B). *Id.* at p. 2. In support of her assertion, Plaintiff provides the Court with a photo of an email she alleges she sent to Defendants'[1] purported email addresses on March 18, 2025, which allegedly included photos of Summons ("the email"). [Doc. No. 58-1]. Plaintiff asserts the email satisfies

---

[1] The Court is making no determination as to whether any of the email addresses identified in the email are any of Defendants' email addresses. Further, the Court is making no determination as to what the documents attached to the email were or contained.

3

Fed. R. Civ. P. 65(b)(1)'s notice requirement. [Doc. No. 58]. Further, Plaintiff argues that the Court's refusal to consider this newly discovered evidence would result in a manifest injustice. *Id.*

For a party to obtain relief under Fed. R. Civ. P. 59(e) based upon "newly discovered evidence" the party must show that "(1) the evidence was newly discovered since entry of the . . . judgment [at issue]; (2) the moving party was diligent in discovering the new evidence; and (3) the newly discovered evidence would probably produce a different result." *Glenn v. Moss*, 760 Fed.Appx. 589, 594 (10th Cir. 2019).

Plaintiff fails to satisfy each of the three elements for "newly discovered evidence." First, the email is not "newly discovered evidence" that was unavailable to Plaintiff before the Court denied Plaintiff's Emergency Motion. Plaintiff allegedly sent the email almost two months before the Court denied Plaintiff's Emergency Motion. Thus, the email does not constitute "newly discovered evidence" under Fed. R. Civ. P. 59(e). This deficiency alone is sufficient to deny Plaintiff's Motion for Reconsideration.

Second, even if the email constituted "newly discovered evidence," which it does not, then Plaintiff still fails to carry her burden because she provided no explanation as to why she failed to provide the Court with the email before the Order was entered. Stated otherwise, she has offered no assertion that she was "diligent" in "discovering the new evidence." Again, this failure alone is sufficient to deny Plaintiff's Motion for Reconsideration.

Third, the Court's consideration of the email prior to denying Plaintiff's Emergency Motion would not have "produce[d] a different result." Indeed, the email does not

4

constitute evidence of the "efforts [Plaintiff] made to give notice" of the Emergency Motion pursuant to Fed. R. Civ. P. 65(b)(1). The email reflects Plaintiff's attempt to inform Defendants that a lawsuit had been filed. The email in no way mentions or alludes to Plaintiff's Emergency Motion or that Plaintiff will be filing or seeking an emergency motion for a PI or TRO. Evidence of a party's efforts to provide notice of a lawsuit does not generally equate to evidence of a party's efforts to give notice of an emergency motion for a PI or TRO. *Henning v. Oklahoma*, No. CIV-25-584-G, 2025 WL 1739821, at * 2 (W.D. Okla. June 23, 2025) (finding that the plaintiff's submission of receipts that reflected his attempt to serve the defendants with the complaint did not constitute evidence of plaintiff's efforts to provide the defendants with notice of the plaintiff's emergency motion for a TRO). Accordingly, the Court's consideration of the email would not change the Court's denial of Plaintiff's Emergency Motion.

Additionally, contrary to Plaintiff's assertion, the Court did not deny Plaintiff's Emergency Motion solely for failing to satisfy the procedural requirements under Fed. R. Civ. P. 65(b)(1). The Court also denied Plaintiff's Emergency Motion on the merits. [Doc. No. 53, at p. 5]. It does not appear that Plaintiff's Motion to Reconsider challenges the Court's denial of Plaintiff's Emergency Motion on the merits. [Doc. No. 58]. However, even if liberally construing Plaintiff's Motion to Reconsider, Plaintiff still fails to carry her burden of proof.[2] First, Plaintiff has not identified any "change in the controlling law." *Id.* Second, Plaintiff has not provided any "newly discovered evidence" that warrants

---

[2] Because Plaintiff proceeds *pro se*, her filings are construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as her advocate. *Id.*

5

reconsideration of the Order. *Id.* Third, Plaintiff has not carried her burden to prove that reconsideration of the Order is "necessary to correct clear error or prevent manifest injustice." *Id.* Rather, Plaintiff's Motion to Reconsider is plagued by the same deficiencies as Plaintiff's Emergency Motion. Like the arguments in Plaintiff's Emergency Motion, Plaintiff's arguments that she will suffer manifest injustice are conclusory statements. *Id.* at p. 3. She points to no specific evidence in support of her statements. *Id.* Thus, Plaintiff fails to carry her burden.

## CONCLUSION

For these reasons, the Court concludes that Plaintiff has failed to carry her burden to show that the Court should alter the Order denying Plaintiff's Emergency Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider [Doc. No. 58] is **DENIED.**

**IT IS SO ORDERED** this 21st day of July, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge