IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHANTELL ROBINSON,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )    Case No. CIV-25-289-D
                                            )
OGLALA SIOUX TRIBE, *et al.*,               )
                                            )
        Defendants.                         )

## **ORDER**

Before the Court is Plaintiff Shantell Robinson's "Emergency Motion to Disqualify Counsel for Conflict, Misrepresentation, and IP Fraud Concealment." [Doc. No. 50]. Defendants Oglala Sioux Tribe ("the Tribe") and the Tribe's Legal Department ("Legal Department") filed a Response. [Doc. No. 65]. Moreover, before the Court are Plaintiff's "Motion to Strike Portions of Defendant Raycen Raines Declaration" [Doc. No. 97], and "Addendum to Plaintiff's Emergency Motion for Protective Order" [Doc. No. 98].

On May 5, 2025, Plaintiff filed a Motion to Disqualify Counsel. [Doc. No. 50]. Plaintiff requests the Court disqualify Steven Gunn and Jennifer Hughes as counsel for the Tribe and Legal Department in this matter. On May 16, 2025, the Tribe and Legal Department's Motions to Dismiss were granted, and Plaintiff's claims against them were dismissed without prejudice. [Doc. No. 60]. Accordingly, the Court finds that Plaintiff's "Emergency Motion to Disqualify Counsel for Conflict, Misrepresentation, and IP Fraud Concealment" [Doc No. 50] is **DENIED as MOOT.**

1

Furthermore, Plaintiff's Motion to Strike [Doc. No. 97] seeks an order striking portions of Mr. Raines' Declaration [Doc. No. 93], which is an exhibit to Defendants Wakpamni Lake Community Corporation and Mr. Raines' "Response to Plaintiff's Emergency Motion for Protective Order" [Doc. No. 92].

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Federal Rules of Civil Procedure go on to define "pleading," but do not include a brief or an exhibit to a brief in that definition. *See* Fed. R. Civ. P. 7(a). "Accordingly, Fed. R. Civ. P. 12(f) is not the appropriate procedural vehicle to address Plaintiff's concerns . . . ." *Miller v. Snider*, No. CIV-22-507-D, 2023 WL 320006, at *1 (W.D. Okla. Jan. 19, 2023); *see also* Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). Therefore, Rule 12(f) is not the correct mechanism through which to address Plaintiff's concerns.[1]

---

[1] In any event, striking a pleading under Rule 12(f) is a "drastic remedy" and generally disfavored. *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987); *see also Fed. Nat'l Mortgage Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 993 (D.N.M. 2016). In fact, such motions, in addition to being disfavored, are often "considered purely cosmetic or 'time wasters.'" *Milasinovich*, 161 F. Supp. 3d at 993 (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed.)); *see also Tavasci v. Cambron*, No. CIV-16-0461 JB/LF, 2016 WL 6405896, at *7 (D.N.M. Oct. 25, 2016) (describing motions to strike as "busywork" that "crowd the docket"). Motions to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Milasinovich*, 161 F. Supp. 3d at 993 (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed.)). And any

Additionally, the Court finds that Plaintiff's "Addendum to Plaintiff's Emergency Motion for Protective Order" [Doc. No. 98] is **STRICKEN** for failure to comply with the Court's Local Rules. *See* LCvR7.1(h) ("Supplemental briefs may be filed only upon motion and leave of court.").

**IT IS THEREFORE ORDERED** that Plaintiff's "Emergency Motion to Disqualify Counsel for Conflict, Misrepresentation, and IP Fraud Concealment" [Doc. No. 50] is **DENIED as MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Strike Portions of Defendant Raycen Raines Declaration" [Doc. No. 97] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Addendum to Plaintiff's Emergency Motion for Protective Order" [Doc. No. 98] is **STRICKEN**.

**IT IS SO ORDERED** this 28th day of July, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

doubt as to whether the "challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Id.* Plaintiff falls well short of meeting her burden.