IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANTELL ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-289-D |
| OGLALA SIOUX TRIBE, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Shantell Robinson's "Emergency Motion for Protective Order, Sanctions, and Court Intervention Following Multiple Physical Proximity Breaches, Digital Manipulation, and Retaliatory Surveillance Behavior" [Doc. No. 87].[1] Defendants Wakpamni Lake Community Corporation ("WLCC") and Raycen Raines ("Mr. Raines") filed a joint response[2] [Doc. Nos. 92-95]. Defendant John Read ("Mr. Read"), also filed a response [Doc. No. 107]. Plaintiff filed a reply to WLCC and Mr. Raines' response [Doc. Nos. 96, 99, & 100][3] and a reply to Mr. Read's response [Doc. No. 112]. Before the Court is also the Court's Show Cause Order [Doc. No. 89], and Plaintiff's "Response to Order to Show Cause" [Doc. No. 90]. Additionally, before the Court is WLCC and Mr. Raines' "Motion for Protective Order and Injunctive Relief and for Dismissal with Prejudice" [Doc.

---

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.
[2] Defendants WLCC and Mr. Raines filed three separate declarations in support of their Response. [Doc. Nos. 93-95]. The Court construes the declarations as exhibits to WLCC and Mr. Raines' Response [Doc. No. 92].
[3] Plaintiff filed two declarations in support of her reply. [Doc. Nos. 99 & 100]. The Court construes the declarations as exhibits to her reply. [Doc. No. 96].

1

No. 101]. Plaintiff filed a response [Doc. No. 103], to which Defendants WLCC and Mr. Raines filed a reply. [Doc. No. 113]. Plaintiff also filed a sur-reply [Doc. No. 117].[4] The Motions are fully briefed and at issue.

## **BACKGROUND**

This case is in its infancy, but has already accumulated over 100 filings, with the vast majority filed by Plaintiff. The Court is mindful that Plaintiff is proceeding *pro se*, but she has been informed and warned that she must comply with the same rules as other litigants. [Doc. No. 59]. Moreover, the Court warned that if Plaintiff failed to adhere to the rules governing litigation in federal court, then the Court may impose sanctions, "including dismissal of this case with prejudice." *Id.* at p. 3.

Despite the Court's warning, Plaintiff filed her Motion [Doc. No. 87], in which she requests the Court enter a protective order against Defendants and their counsel. [Doc. No. 87]. Plaintiff asserts that a protective order is necessary because Mr. Raines was in Oklahoma harassing her in July 2025, which Defendants' counsel supported. *Id.*

The Court ordered Plaintiff to show cause as to why her Motion did not violate Fed. R. Civ. P. 11 and the Court's May 16, 2025 Order. [Doc. No. 89]. In response, Plaintiff defended the filing of her Motion and asserted that it "was submitted in good faith, [and is] grounded in fact." [Doc. No. 90, at p. 1].

---

[4] Although the Court did not strike Plaintiff's sur-reply, Plaintiff is reminded that pursuant to local rule 7.1(h) "[s]upplemental briefs may be filed only upon motion and leave of court."

WLCC and Mr. Raines, as well as Mr. Read, filed responses to Plaintiff's Motion in which they assert that Plaintiff's allegations against them are false, and WLCC and Mr. Raines request sanctions be issued against Plaintiff for misconduct. [Doc. Nos. 92 & 107]. In connection with their request for sanctions, WLCC and Mr. Raines filed a Motion for Protective Order and Injunctive Relief in which they elaborate on Plaintiff's misconduct—threatening correspondence, and filings containing non-existent/misrepresented legal authority and falsified exhibits. [Doc. No. 101], [Doc. No. 113, at p. 4-7].

In response, Plaintiff denies that she made any threat to physically harm any Defendant or their counsel, and objects to the imposition of sanctions. [Doc. No. 103], [Doc. No. 117].

## STANDARD OF DECISION

"It is well-established that a district court has broad 'power to manage its proceedings.'" *Rusk v. Fidelity Brokerage Servs, LLC*, 2:15-cv-00853-RJS, 2019 WL 1922691, at *3 (D. Utah Apr. 30, 2019) (quoting *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1191 (10th Cir. 2004)). The Court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Among these powers is also a court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). To be sure, "dismissal with prejudice is an essential tool in the sanction toolbox." *King v. Fleming*, 899 F.3d 1140, 1150 (10th Cir. 2018). "[B]ecause dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some fault." *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir.

2018) (quotation omitted). The party seeking dismissal must demonstrate sanctionable conduct by clear and convincing evidence. *Id.* at 873-74.

### I.   WLCC and Mr. Raines' Motion for Sanctions.

WLCC and Mr. Raines assert that Plaintiff's conduct has been so outrageous and in bad faith that the Court should sanction Plaintiff by dismissing her claims with prejudice pursuant to the Court's inherent authority. [Doc. No. 113].

#### A. Defendants have Shown by Clear and Convincing Evidence that Plaintiff's Willful Misconduct is Sanctionable Conduct.

##### i.   Plaintiff's Threatening Correspondence.

It is undisputed that Plaintiff and her purported agent, "consultant" Ryan Ferrari, sent the correspondence that WLCC and Mr. Raines assert constitute threats of violence. However, Plaintiff argues that the correspondence are not threats of violence. [Doc. No. 117]. The Court disagrees.

The Court finds that Defendants have proven by clear and convincing evidence that Plaintiff and her agent sent threats of physical harm to Mr. Raines and Defendants' counsel in connection with this case. Indeed, the Court finds the following correspondence constitute threats of physical harm:

<u>July 20, 2025</u>

- 10:09 p.m.- Plaintiff's agent to Mr. Raines: "Does your whole world have to BURN. Think about all you have built. Do you really want to through (*sic*) it all way (*sic*). I NEED AND (*sic*) ANSWER or Operation CROSSOVER . . . Code name WATCHER TICK TOCK TICK TOCK." [Doc. No. 93-1, at p.1].

<u>July 21, 2025</u>

4

- 11:08 a.m.- Plaintiff's agent to Counsel: "This will never be undone and all parties and their attorneys will not recover. . . . Your clock is Ticking, I can hear it can you. Tick TOCK Tick TOCK." [Doc. No. 95-4, at p. 16].

    July 22, 2025

- 2:40 a.m.- Plaintiff's agent to Counsel: "P.S. if one of you fall you all get buried." [Doc. No. 95-2].

- 6:02 a.m.- Plaintiff's agent to Counsel: "Not only will you loose (*sic*) your license, you will be put in jail. Ms. Frost is the only one that can save you all. . . . Because of your lack of trust you will burn." [Doc. No. 95-1].

- 6:17 a.m.- Plaintiff's agent to Counsel: "Your (*sic*) safe for know (*sic*) provided you do the right thing today." [Doc. No. 94-3, at p.1].

    July 23, 2025

- 3:42 a.m.- Plaintiff to Counsel: "[Mr. Raines] does not scare me at all. If anything I am prepared to end his life if he invades my space or he will have to end mine because I will not back down **EVER**! . . . You now **HOLD** all of their fate." [Doc. No. 94-5, at p. 1].

- 10:10 p.m.- Plaintiff to Counsel: "You guys are tracking me I'm tracking you." [Doc. No. 94-8, at p. 1].

Plaintiff attempts to justify these threats by couching them as part of a settlement negotiation tactic. [Doc. No. 99, at p. 1]. Taken as true, attempting to achieve a resolution of a case through threats of harm is also unacceptable sanctionable conduct.

Accordingly, the Court finds that Plaintiff and her agents' threatening correspondence constitute sanctionable conduct.

    ii.    **Plaintiff's Submissions of Fabricated Evidence to the Court.**

Moreover, the Court finds that Defendants have proven by clear and convincing evidence that Plaintiff willfully submitted fabricated evidence to the Court. Indeed, to show the Court that Mr. Raines was harassing Plaintiff in July 2025, Plaintiff submitted a photo

5

purportedly captured by an Oklahoma surveillance camera depicting Mr. Raines driving a vehicle. [Doc. No. 99-1, at p. 1], [Doc. No. 100-1, at p. 1]. It was not until after Defendants challenged the authenticity of the photo, that Plaintiff admitted it was not authentic. [Doc. No. 112]. Plaintiff also submitted to the Court documents containing Defendants' and their counsel's quoted statements that she allegedly digitally intercepted. [Doc. No. 87-1]. The Court ordered Plaintiff to show cause as to why her Motion did not violate Rule 11. [Doc. No. 89]. In response, Plaintiff defended the filing of her Motion and asserted that it "was submitted in good faith, [and is] grounded in fact." [Doc. No. 90, at p. 1]. However, Mr. Read's counsel swears under oath that the statements attributable to him never occurred. [Doc. No. 107-2, at p. 2]. Plaintiff provided no evidence rebutting Mr. Read's counsel's affidavit, and no evidence to support the veracity of the purported intercepted statements. Rather, she attempts to recharacterize these submissions as demonstrative simulations that she had "clearly distinguish[ed] between illustrative materials and sworn testimony." [Doc. No. 117].

As an initial matter, Plaintiff does not indicate anywhere in the filings in which the exhibits were initially submitted that they were strictly demonstrative or illustrative. Regardless, like a regular exhibit, a party submitting a demonstrative exhibit to the Court is certifying that it is based on truthfulness, not falsehoods. *See* Fed. R. Civ. P. 11(b)(3) (A party to litigation certifies with each filing that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .."). Accordingly, the submissions of fabricated evidence are violations of Rule 11.

6

The evidence clearly and convincingly shows that Plaintiff knew the photo and purportedly intercepted statements she provided to the Court were fabricated. Accordingly, the Court finds Plaintiff's submissions of the fabricated evidence constitute sanctionable conduct.

### iii. Plaintiff's Submissions of Non-Existent and Misrepresented Legal Authority.

Many of Plaintiff's filings contain non-existent and misrepresented legal authority. [Doc. No. 68, at p. 7 & 14-15], [Doc. No. 79, at p. 4-6], [Doc. No. 80, at p. 2], [Doc. No. 103, at p. 2]. Plaintiff does not directly address the issue of her filings containing non-existent and misrepresented legal authority. Instead, Plaintiff attempts to reframe the issue by arguing that her use of artificial intelligence ("A.I.") to assist her with this litigation is not prohibited. [Doc. No. 103, at p. 2].[5] However, this is not the issue. The issue is whether Plaintiff's submission of non-existent and misrepresented legal authority constitutes sanctionable conduct. The Court finds it does.

A party's obligations under Rule 11 are not altered by the technology a party uses in preparing a filing submitted to the Court. *See Coomer v. Lindell*, No. 22-CV-01129-NYW-SBP, 2025 WL 1865282, at *3 (D. Colo. July 7, 2025) ("Courts across the county—both within the United States Court of Appeals for the Tenth Circuit . . . and outside of it—recognize that Rule 11 applies to the use of artificial intelligence.") (citing *Wadsworth v. Walmart, Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d

---

[5] Notably, Plaintiff provides the Court with a non-existent quote from *Henlsey v. Alcon Labs*, 277 F.3d 535 (4th Cir. 2002) to support her assertion that her use of A.I. in this lawsuit is acceptable. [Doc. No. 103, at p. 2].

7

443, 461 (S.D.N.Y. 2023); *Ferris v. Amazon.com Servs., LLC*, No. 3:24-cv-00304-MPM-JMV, 2025 WL 1122235, at *2 (N.D. Miss. Apr. 16, 2025) (quotations omitted)). A party's submission to the Court constitutes a certification that "the claims, defenses, or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(B)(2). "While courts afford *pro se* litigants considerable leeway, that leeway does not relieve *pro se* litigants of their obligation under Rule 11 to confirm the validity of any cited legal authority." *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025).[6] "'A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law.'" *Coomer*, 2025 WL 1865282, at * 3 (quoting *Mata*, 678 F. Supp. 3d at 461).

Accordingly, Plaintiff's submissions of non-existent and misrepresented legal authority to the Court constitute sanctionable conduct.

### iv. Plaintiff's Submission of Excessive and Frivolous Filings to the Court.

The Court finds that Plaintiff's excessive and frivolous (and often unhinged) filings also constitute sanctionable conduct. Indeed, despite the Court's prior warning [Doc. No. 59], Plaintiff has filed at least twenty-three ill-conceived motions, notices, and

---

[6] Although Plaintiff is *pro se*, Plaintiff clearly understands her Rule 11 obligations and duty of candor to the Court, as she has moved for sanctions against Defendants for allegedly violating Rule 11 by purportedly submitting false statements and "making representations to the court that are not grounded in fact or law." [Doc. No. 119, at p. 3]; *see also* [Doc. No. 49-1 at p. 3] (Plaintiff citing Rule 11(b) in support of her claim that Defendants made "[f]alse representations to the Court."); [Doc. No. 80, at p. 2-3] (Plaintiff noting that parties have a duty of candor and must not mislead the court).

8

supplements. [Doc. Nos. 43-45, 47-48, 50-51, 54-57, 72-73, 75-76, 80, 84, 86-87, 91, 97-98, 115]. For example, as evidence that Mr. Raines was harassing Plaintiff, Plaintiff proffered that she experienced:

- Piercing pain through right hand palm and wrist (timed with Slack transmission windows)[;]

- Burning, itching, and pressure in ears, ribs, and back of scalp— matching DOJ's "coded digital harassment" symptom matrix[; and]

- High-anxiety mirror reactions from street-level light changes observed in real time.

[Doc. No. 87, at p. 3]. Plaintiff elaborated that these symptoms meant there was a "deliberate physical presence, weaponized through shadow technology, spiritual mimicry, and surveillance synchronization, designed to force psychological collapse or silent withdrawal." *Id.* Consequently, the Court has stricken multiple of her filings. [Doc. Nos. 39, 72, 73, 75, 76, & 98].

### B. Dismissal with Prejudice is the Appropriate Sanction for Plaintiff's Willful Misconduct.

To determine whether dismissal or some lesser sanction is appropriate, the Court must consider the following five factors:

(1) the degree of actual prejudice to the defendant caused by the misconduct;
(2) the amount of interference with the judicial process;
(3) the culpability of the litigant;
(4) whether the court warned the litigant in advance that dismissal of the action would be a likely sanction for noncompliance; and
(5) the efficacy of lesser sanctions.

King, 899 F.3d at 1150 (quotation and alteration omitted).

### i. Degree of Prejudice to Defendants

"The more the misconduct prejudiced the opposing party, the more appropriate dismissal becomes as a sanction." *Id.* at 1151. "[A] litigant who threatens to cause physical harm to another party or attorney has 'defiled the very temple of justice' and acted in bad faith." *Petito v. Brewster*, No. 3-08-cv-0006-L, 2008 U.S. Dist. LEXIS 18134, at *6-7 (N.D. Tex. Mar. 10, 2008). In litigation, a threat to physically harm the other party or their counsel is never acceptable.

There is no question that Plaintiff's threatening correspondence caused great prejudice to Defendants. Her threatening correspondence caused Defendants' counsel to fear for their safety, and Mr. Raines to fear for his life. [Doc. No. 101, at p. 9]. A party and their counsel should never have to consider if the benefit of litigating a case outweighs the risk of the opposing party harming them. Plaintiff's conduct in this regard was outrageous.

Additionally, Plaintiff's excessive frivolous filings have caused great prejudice to Defendants, causing them to incur unnecessary fees. Further, Plaintiff's misrepresentations and fabricated evidence have unnecessarily added to Defendants' fees and costs, as they have had to dedicate parts of several filings to address them.

Accordingly, the Court finds that the significant prejudice Plaintiff's threatening correspondence, frivolous filings, and misrepresentations have caused Defendants, weighs in favor of imposing sanctions against Plaintiff.

### ii. Plaintiff's Interference with the Judicial Process

It is hard to imagine how threatening to physically harm opposing parties and counsel would *not* interfere with the judicial process. Indeed, Plaintiff's threatening

correspondence caused Defendants and their counsel to fear for their safety in defending this action. [Doc. No. 101, at p. 9].

Moreover, Plaintiff's litigation conduct has unduly taxed the Court's limited resources. The Court has expended an inordinate amount of time reviewing her numerous filings. Furthermore, by presenting the Court with fabricated evidence and frivolous filings, which are riddled with misrepresentations, Plaintiff has undermined the Court's ability to effectively manage its docket. *See Park v. Kim*, 91 F.4th 610, 615 (2nd Cir. 2024) ("An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.") (quoting *Mata*, 678 F. Supp. 3d at 461).

Based on these disruptions attributable to Plaintiff, the Court finds that the second factor also weighs in favor of imposing sanctions.

### iii. Plaintiff's Culpability

As to Plaintiff's threats of physical harm, Plaintiff is clearly culpable. A *pro se* party "is not entitled to any latitude when it comes to threatening and inappropriate conduct." *Cameron v. Lambert*, No. 07 CIV.9258 (DC), 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008). Indeed, a *pro se* party's "unfamiliarity with the legal process is no excuse for threatening physical force . . . ." *Id.* In litigation there is no justifiable reason to threaten to physically harm an opposing party or their counsel.

Furthermore, Plaintiff ignored the Court's warning about adhering to Rule 11. [Doc. No. 59]. Thus, her culpability for the barrage of filings, submission of falsified evidence, and misrepresentations of legal authority also favor the imposition of severe sanctions.

Based on these disruptions attributable to Plaintiff, the Court finds that the third factor also weighs in favor of imposing sanctions.

### iv. Prior Warnings to Plaintiff

The Court finds that it need not warn a party that threatening to physically harm another party or their counsel may result in sanctions, because such conduct is so outrageous and far beyond the decorum expected of a litigant before the Court.

Furthermore, the Court has previously warned Plaintiff that failure to abide by Rule 11 and her continuation of excessive filings may result in sanctions, including dismissal with prejudice of her claims. [Doc. No. 59].[7] Thus, the fourth factor weighs in favor of granting sanctions as to Plaintiff's threats and frivolous filings, and her misrepresentations of legal authority and submission of falsified exhibits.

### v. Efficacy of Lesser Sanctions

Although "dismissal with prejudice is an essential tool in the sanction toolbox," the Court recognizes that "dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective." *King*, 899 F.3d at 1150, 1153 (quotation omitted). Although dismissal is among the harshest remedies, it has been found warranted in cases where parties have threatened opposing parties or counsel with violence. *See Beasley v. Hicks*, No. 21-2317, 2022 WL 2828268, at *3 (7th Cir. July 20, 2022) (affirming district

---

[7] Although the Court has not previously expressly warned Plaintiff of the range of sanctions possible for including non-existent and misrepresented legal authority in her filings, or attaching falsified exhibits, such conduct as noted above violates Rule 11, about which Plaintiff has been previously warned. Moreover, a lack of prior warning does not prevent a court from imposing a terminating sanction. *See Xyngular*, 890 F.3d at 874-75 (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (noting that a warning under the fourth *Ehrenhaus* factor "is not a *sine qua non* for dismissal.")).

court's dismissal with prejudice of the plaintiff's lawsuit as a sanction under the district court's inherent authority when the plaintiff threatened to harm the opposing counsel at a deposition); *Cameron*, 2008 WL 4823596, at *5 (dismissing the *pro se* plaintiff's complaint with prejudice as a sanction under its inherent authority when the plaintiff threatened to harm opposing counsel at a deposition). Indeed, "[d]eath threats directed at an opposing party and a witness are sufficiently serious to warrant the sanction of dismissal." *Czajkowski v. Richardson,* No. 23-CV-02240-SPB, 2024 WL 760095, at *2 (D. Colo. Feb. 5, 2024), *appeal dismissed,* No. 24-1064, 2024 WL 4579388 (10th Cir. Oct. 25, 2024) (citation omitted).

Furthermore, dismissal with prejudice is an appropriate sanction when the "evidence support[s] the need for an unforgiving sanction to deter future misconduct . . . and to issue a clear statement to potential imitators." *King*, 899 F.3d at 1153-54. Indeed, "[d]ismissing a case with prejudice serves at least two purposes. It penalizes the party whose conduct warrants the sanction and discourages 'those who might be tempted to such conduct in the absence of such a deterrent.'" *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Plaintiff has demonstrated no real intent to take heed of and abide by the Court's warnings. The threats she and her agent have made to opposing parties and counsel are outrageous, warranting the imposition of a terminating sanction. Moreover, her otherwise abusive litigation tactics and frivolous, unhinged filings compound the need for the most severe sanction of dismissal with prejudice. Any sanction short of dismissal might incentivize future litigants to similarly threaten violence against opposing parties and

counsel, or submit excessive frivolous filings that contain fabricated legal authority and evidence. Moreover, because Plaintiff is proceeding *in forma pauperis*, the Court finds that a monetary sanction would be ineffective. Accordingly, dismissal with prejudice is the most appropriate sanction that would effectively cure the prejudice to Defendants, deter future misconduct, and punish Plaintiff for her wrongdoing.

## II.    WLCC and Mr. Raines' Motion for Protective Order and Injunction

Because the Court finds that Plaintiff's willful misconduct warrants the imposition of a sanction dismissing her claims with prejudice, WLCC and Mr. Raines' Motion for Protective Order and Injunction requesting the Court impose restrictions on Plaintiff's correspondence regarding this litigation with Defendants and their counsel is rendered moot.

## III.    Plaintiff's Motion for Protective Order

The Court finds Plaintiff's request for a protective order unsubstantiated. Plaintiff provided no credible evidence that Mr. Raines was in Oklahoma harassing Plaintiff in July 2025. [Doc. Nos. 87, 96, 99, 100, 112, & 117]. The exhibits Plaintiff proffered in support of her Motion are the same aforementioned exhibits. [Doc. No. 87-1, at p. 1], [Doc. No. 99-1, at p.1], [Doc. No. 100-1, at p. 1]. Accordingly, for the same reasons that Plaintiff's submission of the exhibits support the imposition of sanctions against Plaintiff, they also support denying her request for a protective order.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Wakpamni Lake Community Corporation and Raycen Raines' "Motion for Protective and Injunctive Relief and for

14

Dismissal with Prejudice" [Doc. No. 101] is **GRANTED IN PART and DENIED IN PART as MOOT**. Plaintiff's claims are dismissed with prejudice and judgment shall be entered in favor of Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's "Emergency Motion for Protective Order, Sanctions, and Court Intervention Following Multiple Physical Proximity Breaches, Digital Manipulation, and Retaliatory Surveillance Behavior" [Doc. No. 87] is **DENIED**.

**IT IS FURTHER ORDERED** that because Plaintiff's claims are dismissed with prejudice, the remaining pending Motions in this case are **DENIED as MOOT.**

**IT IS SO ORDERED** this 9th day of September, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge